ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS et al. v. Lewis HALL et al. (No. 2918.) (Court of Civil Appeals of Texas. Texarkana. June 26, 1924. Rehearing Denied July 5, 1924.) Appeal from District Court, Hunt County; George B. Hall, Judge. E. B. Perkins, of Dallas, and B. F. Crosby, of Greenville, for appellants. Clark & Sweeton and Olin R. McWhorter, all of Greenville, for appellees.

LEVY, J. Lewis Hall and Nannie Hall brought the suit against the railway company and the Director General of Railways to recover damages for the destruction of their cotton crop in 1919 by overflow water caused to accumulate and remain on the land by the alleged failure to provide necessary culverts and sluices in the construction and maintenance of the roadbed of the railway. The defendants filed a general denial, and specially pleaded in avoidance of any liability, and that the rains that caused the overflow were unusual and unprecedented. The appellees own a tract of 34 acres of land situated on the east side of Sabine river, which flows southwestward. Several hundred yards distant from the tract of land on the northwest is Horse creek, which flows southeasterly. The roadbed of the appellant runs along the south boundary line of the tract, and crosses both streams. A high embankment or roadbed extends between the two streams for a considerable distance. Sluices and waterways were left in the embankment, but whether they were sufficient to prevent the embankment from interfering with the usual flow of water towards the river and creek after a rainfall was a matter about which there is conflicting evidence. In 1919 the appellees planted 23 acres of the land in cotton and about 8 acres in corn. About October 1, 1919, the cotton crop, mostly matured and ready for picking, was overflowed, and the water stood on the land several days, entirely destroying the cotton. The corn was gathered several days before the rain and overflow. The case was submitted to a jury, and their verdict was in favor of the appellees on all issues of fact. The sum of $400 was awarded as damages. The evidence supports the findings of the jury that the railway company was guilty of negligence, as alleged, with reference to the construction and maintenance of the embankment or roadbed, in failing to provide reasonably necessary and sufficient culverts and sluices therein, and that such negligence was the proximate cause of the loss of the cotton crop. The evidence amply supports the verdict as to the amount of damages. We have considered the assignments of error presented, and have reached the conclusion that they should be overruled, as not sufficiently warranting a reversal of the judgment. The judgment is therefore affirmed.

---

2

George MATTHEWS v. STATE of Arkansas. (No. 117.) (Supreme Court of Arkansas. July 14, 1924.) Appeal from Circuit Court, Mississippi County; Geo. E. Keck, Judge. J. S. Utley, Atty. Gen., and John L. Carter, Wm. T. Hammock, Darden Moose, and J. S. Abercrombie, Asst. Attys. Gen., for the State.

WOOD, J. The appellant was indicted under section 2587 of Crawford & Moses' Digest, which provides that "every person who shall resist the execution of any civil or criminal process by threatening or by actually drawing a pistol, gun or other deadly weapon upon the sheriff or other officer authorized to execute such process shall, upon conviction thereof, be imprisoned in the penitentiary for a term of not less than one nor more than five years." The indictment was in good form and charged that the appellant did unlawfully and feloniously resist W. E. Johnson, a duly qualified and acting deputy sheriff within and for the Osceola district of Mississippi county, Ark., in his attempt to arrest the appellant on a process issued by the circuit court within and for said district and county, by then and there unlawfully and feloniously drawing upon the deputy sheriff a gun. The appellant was put upon his trial, and the jury returned a verdict of guilty, fixing his punishment at imprisonment in the state penitentiary for a period of one year. From a judgment sentencing him in accordance with the verdict the appellant prosecutes this appeal. There is no bill of exceptions presenting the testimony upon which the verdict was based. It must therefore be presumed that the testimony was sufficient to sustain the verdict. As we have seen, the indictment was valid. The record, therefore, does not present any error in the rulings of the trial court, and its judgment must be affirmed. It is so ordered.